UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LANDMARK PLASTIC CORPORATION ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | **ENDORSED HEREON** |

# COMPLAINT

Plaintiff Thomas Smith ("Plaintiff") alleges as follows for his Complaint against Defendant Landmark Plastic Corporation ("Defendant"):

1. Plaintiff worked for Defendant as a print technician from on or about March 6, 2016 through April 18, 2018.

2. Defendant's revenues exceed $500,000 per year.

3. Defendant is an enterprise engaging in interstate commerce.

4. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

5. This Court has personal jurisdiction over the parties to this action.

6. Venue is proper in the Northern District of Ohio Eastern Division because Defendant conducted activity in this district and because part of the claim for relief arose in this district.

7. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

8. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if he is successful on one or more of the claims set forth herein.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES

9. Plaintiff re-alleges each allegation set forth in paragraphs 1-8 above.

10. While working for Defendant, Plaintiff's shift was 11:00pm to 7:00am.

11. Plaintiff often worked until 7:30am or later and was not paid for that time

12. Indeed, Defendant often would revise Plaintiff's time card to exactly 7:00am to avoid paying him overtime.

13. Plaintiff often clocked in before 11:00pm and worked prior to his shift starting but was not paid for that time.

14. Plaintiff was a non-exempt hourly employee under the Fair Labor Standards Act.

15. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

16. Defendant is the employer of Plaintiff.

17. Plaintiff regularly worked over 40 hours per week for Defendant.

18. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff overtime wages for all hours worked over a regular 40-hour workweek.

19. Defendant's conduct with regard to not paying overtime to Plaintiff was willful.

20. Plaintiff has been damaged by Defendant's nonpayment of overtime wages.

21. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

22. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

## COUNT II
## BREACH OF CONTRACT

23. Plaintiff re-alleges each allegation set forth in paragraphs 1–22 above.

24. Defendant promised to give Plaintiff a 3% raise.

25. After Plaintiff provided notice that he was resigning from working for Defendant and as an inducement to Plaintiff to work for an additional period of time for Defendant, Defendant promised to pay Plaintiff his unused Paid Time Off ("PTO").

26. Defendant breached its promises by not paying Plaintiff his PTO time and his 3% promised raise.

27. Plaintiff has been damaged by Defendant's breach of contract.

28. Defendant's conduct is the proximate cause of Plaintiff's damages.

## COUNT III
## PROMISSORY ESTOPPEL

29. Plaintiff re-alleges each allegation set forth in paragraphs 1-28 above.

30. Defendant promised to give Plaintiff a 3% raise.

31. After Plaintiff provided notice that he was resigning from working for Defendant and as an inducement to Plaintiff to work for an additional period of time for Defendant, Defendant promised to pay Plaintiff his unused PTO.

32. To his detriment, Plaintiff acted in reliance of Defendant's promises to give him a 3% raise and to pay him for his unused PTO by continuing to work for Defendant.

33. Plaintiff has been damaged by Defendant's actions.

WHEREFORE, Plaintiff demands judgment against Defendant for his compensatory damages, unpaid overtime wages, liquidated damages, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

                                      Respectfully submitted,

                                      /s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*